# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                    **CRIMINAL ACTION NO. 3:13-CR-23-05**
                                                **(JUDGE GROH)**

**TREY CARDALE CAMPBELL,**

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE

On January 17, 2014, Defendant, by counsel Barry Beck, filed a Motion to Correct Sentence pursuant to Federal Rule of Criminal Procedure 35(a). Rule 35(a) of the Federal Rules of Criminal Procedure provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

In this case, Defendant was sentenced on January 13, 2014. On January 15, 2014, the Court entered judgment in the matter. The Court sentenced Defendant to fifteen months "to run concurrently with the defendant's sentence imposed in Berkeley County Circuit Court in Case Number 11-F-170" on Count Thirty-Eight of the Indictment, aiding and abetting the distribution of cocaine base within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860. The Court recommended that Defendant be given credit for time served since September 9, 2013.

Defendant argues that with the Court's recommendation for time served, he would be required to serve eleven months. However, the BOP cannot legally grant Defendant credit for time served because he appeared before this Court on September 9, 2013

pursuant to a writ of habeas corpus *ad prosequendum* and the credit for time served has been applied to his state sentence. Therefore, pursuant to 18 U.S.C. § 3585(b), Defendant is not entitled to further credit for this period of imprisonment. Defendant argues that the Court must correct its sentence to effectuate its intention that Defendant serve only eleven months rather than fifteen months.

In reviewing the sentence imposed in this case, the Court did not commit an "arithmetical, technical, or other clear error." Rather, the Court intended and did so sentence Defendant to a fifteen month term of imprisonment. Although the Court recommended Defendant have credit for time served since September 9, 2013, it is up to the BOP to determine the amount of credit Defendant is entitled to receive. Because the Court did not commit an arithmetical, technical, or other clear error in imposing its sentence, Defendant's "Motion to Correct Sentence" pursuant to Federal Rule of Criminal Procedure 35(a) is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** February 6, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE

2